**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Mitchell S. Griffin (SBN 114881)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for NYK LINE, NYK LINE
(NORTH AMERICA) INC.



FILED
2013 JAN -3 A 10: 55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CALIF.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) | Case No.: C 13 0031 NC |
| Plaintiff, | ) ) | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C §1441(a)** |
| vs. | ) ) ) | |
| NIPPON YUSEN KAISHA d.b.a. NYK LINE, a foreign corporation; NYK LINE (NORTH AMERICA) INC., a corporation; and DOES ONE through TEN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants NYK LINE and NYK LINE (NORTH AMERICA) INC. hereby remove to this Court the state court action described below.

1. On December 5, 2012, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled *Great American Insurance Company of New York, Plaintiff vs. Nippon Yusen Kaisha d.b.a. NYK Line and NYK Line (North America) Inc., Defendants*, Alameda Superior Court case number RG12658708.

2. The first date upon which any defendant received a copy of the complaint in that action was on or about December 6, 2012, when NYK Line (North America) Inc. was served with a copy of the complaint and summons from the state court action. True and

-1-

Notice of Removal

Case No.

correct copies of the complaint and summons in that action, as they were received by NYK Line (North America) Inc., are attached hereto as EXHIBIT A.

3. The state court action was brought by the Plaintiff to recover for alleged damage to a cargo of grapes, shipped from Oakland, California, to Manila, Philippines, on board the defendants' ocean-going vessel, under bills of lading/contracts of carriage issued by defendants.

4. The defendants' duties, if any, under the allegations of the complaint are governed by the Carriage of Goods by Sea Act, 46 U. S.C. § 30701, *et seq.*. See also *The Continental Insurance Company v. Kawasaki Kisen Kaisha, Ltd.*, 542 F.Supp.2d 1031 (N.D. Cal 2008).

5. Therefore, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and §1337 because this action arises under the laws of the United States and under an Act of Congress regulating commerce.

6. The thirty day time period under 28 U.S.C. § 1446(b), within which defendants must file this Notice of Removal, has not yet expired.

7. All defendants named in the state court action join in removing this action to this Court.

Dated: January 2, 2013

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for NYK LINE and NYK LINE
(NORTH AMERICA) INC.

By _____
Mitchell S. Griffin

# EXHIBIT A

| | | SUM-100 |
|---|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** NIPPON YUSEN KAISHA d.b.a. NYK
*(AVISO AL DEMANDADO):* LINE, a foreign corporation; NYK
LINE (NORTH AMERICA), INC., a corporation; and DOES
ONE through TEN,

ENDORSED
FILED
ALAMEDA COUNTY

DEC 0 5 2012

CLERK OF THE SUPERIOR COURT
By ____ T. Cohen ____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** GREAT AMERICAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* INSURANCE COMPANY
OF NEW YORK, a corporation;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
Rene C. Davidson Courthouse
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER: *(Número del Caso)* RG12658708

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua E. Kirsch (179110)    (415) 348-6000
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105

DATE: DEC 0 5 2012    Clerk, by M. Cohen, Deputy
*(Fecha)*    Pat S. Sweeten    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* NYK Line (North America), Inc., a corporation
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Legal Solutions Plus
Code of Civil Procedure §§ 412.20, 465

```
JOSHUA E. KIRSCH (179110)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK
```

ENDORSED
FILED
ALAMEDA COUNTY

DEC 0 5 2012

CLERK OF THE SUPERIOR COURT
By_____
M. Cohen  Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

RENÉ C. DAVIDSON COURTHOUSE

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, a corporation; <br><br> Plaintiff, <br><br> v. <br><br> NIPPON YUSEN KAISHA d.b.a. NYK LINE, a foreign corporation; NYK LINE (NORTH AMERICA), INC., a corporation; and DOES ONE through TEN, <br><br> Defendants. | Case No. RG12658708 <br><br> **COMPLAINT FOR BREACH OF CONTRACT OF CARRIAGE** <br><br> ($48,840.00) <br><br> BY FAX |

Plaintiff's complaint follows:

1. Plaintiff GREAT AMERICAN INSURANCE COMPANY OF NEW YORK ("GAIC"), is now, and at all times material was, a corporation, duly organized and existing by virtue of law, and plaintiff GAIC was the insurer the hereinafter described cargo.

2. Plaintiff is informed and believes and on the basis of that information and belief alleges that NIPPON YUSEN KAISHA d.b.a. NYK LINE, a foreign corporation; NYK LINE (NORTH AMERICA), INC., a corporation; (collectively "NYK"), and DOES ONE through TEN, are now and at all times material were engaged in business as common carriers for hire in the County of Alameda, State of California.

COMPLAINT
File No. 5475.17

3. The true names of defendants sued herein as DOES ONE through TEN, each of whom is responsible for the events and matters herein referred to, and each of whom caused or contributed to the damage herein complained of, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

4. Plaintiff is informed and believes and on the basis of such information and belief alleges that on or about December 13, 2011, in Oakland, California, defendants NYK and DOES ONE through TEN received containers numbers NYKU7148724, NYKU7158473, NYKU7002730, and NYKU7005410, and others, each carrying 1,500 cartons each of fresh grapes, for a total of 6,000 cartons of grapes, for carriage under bill of lading NYKS6062701410, and others, issued by and/or on behalf of said defendants. NYK and DOES ONE through TEN, and each of them, agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from Oakland, California, to Manila, Philippines, at a temperature of 33.08°F, and there deliver said cargo to the lawful holder of the aforementioned bill of lading, and others, in the same good order, condition, and quantity as when received.

5. Thereafter, in breach of and in violation of said agreements, NYK and DOES ONE through TEN, and each of them, did not deliver said cargo in the same good order and condition as when received at Oakland. To the contrary, the temperature of the containers varied widely causing the grapes to rot and display signs of mold, amongst other things, and said defendants, and each of them, thus delivered the cargo damaged. By virtue of said damage, the value of the cargo was depreciated in the amount of at least $48,840.00, or some other amount to be proven at trial.

6. Prior to the shipment of the herein described cargo and prior to any loss thereto, plaintiff GAIC issued its policy of insurance whereby plaintiff GAIC agreed to indemnify the owner of said cargo, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and plaintiff GAIC has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy the sum of $48,840.00, on account of the herein described loss.

7. Plaintiff has therefore been damaged in the sum of $48,840.00, no part of which has been paid, despite demand therefor.

WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against the defendants; that this Court decree payment by defendants to plaintiff in sum of $48,840.00, together with prejudgment interest thereon and costs of suit herein; and that plaintiff have such other and further relief as in law and justice it may be entitled to receive.

Dated: December 5, 2012

Respectfully submitted,

GIBSON ROBB & LINDH LLP

By: *[signature]*
Joshua E. Kirsch
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua E. Kirsch (179110)<br>GIBSON ROBB & LINDH LLP<br>201 Mission Street<br>Suite 2700<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 348-6000   FAX NO.: (415) 348-6001<br>ATTORNEY FOR (Name): Plaintiff, Great American Insurance Company | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>DEC 05 2012<br><br>CLERK OF THE SUPERIOR COURT<br>By<br>M. Cohen   Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME: GAIC v. NYK et al

| CIVIL CASE COVER SHEET<br>[x] Unlimited       [ ] Limited<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>RG12658708<br>JUDGE:<br>DEPT: |
|---|---|---|

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): ONE
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 05, 2012

Joshua E. Kirsch (179110)
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use          CIVIL CASE COVER SHEET      Legal Solutions    Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Judicial Council of California                                        Ca Plus           Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]

Short Title: GAIC v. NYK et al                                      Case Number:

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)  Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04)  Product liability (24)  Medical malpractice (45)  Other PI/PD/WD tort (23) | [ ] 75 Asbestos (D)  [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G)  [ ] 97 Medical malpractice (G)  [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07)  Civil rights (08)  Defamation (13)  Fraud (16)  Intellectual property (19)  Professional negligence (25)  Other non-PI/PD/WD tort (35) | [ ] 79 Bus tort / unfair bus. practice (G)  [ ] 80 Civil rights (G)  [ ] 84 Defamation (G)  [ ] 24 Fraud (G)  [ ] 87 Intellectual property (G)  [ ] 59 Professional negligence - non-medical (G)  [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36)  Other employment (15) | [ ] 38 Wrongful termination (G)  [ ] 85 Other employment (G)  [ ] 53 Labor comm award confirmation  [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06)  Collections (09)  Insurance coverage (18)  Other contract (37) | [x] 04 Breach contract / Wrnty (G)  [ ] 81 Collections (G)  [ ] 86 Ins. coverage - non-complex (G)  [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14)  Wrongful eviction (33)  Other real property (26) | [ ] 18 Eminent domain / Inv Cdm (G)  [ ] 17 Wrongful eviction (G)  [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31)  Residential (32)  Drugs (38) | [ ] 94 Unlawful Detainer - commercial   Is the deft. in possession of the property? [ ] Yes [ ] No  [ ] 47 Unlawful Detainer - residential  [ ] 21 Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05)  Petition re: arbitration award (11)  Writ of Mandate (02)  Other judicial review (39) | [ ] 41 Asset forfeiture  [ ] 62 Pet. re: arbitration award  [ ] 49 Writ of mandate   Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No  [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03)  Construction defect (10)  Claims involving mass tort (40)  Securities litigation (28)  Toxic tort / Environmental (30)  Ins covrg from cmplx case type (41) | [ ] 77 Antitrust / Trade regulation  [ ] 82 Construction defect  [ ] 78 Claims involving mass tort  [ ] 91 Securities litigation  [ ] 93 Toxic tort / Environmental  [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment  [ ] 08 Confession of judgment |
| Misc. Complaint | RICO (27)  Partnership / Corp. governance (21)  Other complaint (42) | [ ] 90 RICO (G)  [ ] 88 Partnership / Corp. governance (G)  [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name  [ ] 69 Other petition |

202-19 (5/1/00)                                                                                                      AL20219



## Superior Court of California, County of Alameda
### Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

      Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

    o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

    o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

    o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY <br> STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME | |
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | |
| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |

**ALA ADR-001**

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                     Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation        ☐ Judicial arbitration
   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(b)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF DEFENDANT)

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Page 2 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)