1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

10 | GREAT AMERICAN INSURANCE
11 | COMPANY OF NEW YORK,

Plaintiff,

v.

NIPPON YUSEN KAISHA, and others,

Defendants.

Case No. 13-cv-00031 NC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 14

16    Defendants Nippon Yusen Kaisha and NYK Line North America, Inc. move to

17 dismiss plaintiff Great American Insurance Company of New York's complaint under

18 Federal Rule of Civil Procedure 12(b)(3).  NYK alleges that a forum selection clause in the

19 bill of lading that governs the parties' transaction dictates that all claims against NYK must

20 be brought in the Tokyo District Court in Japan.  The issues are (1) whether NYK has

21 waived its defense of improper venue, and if not, (2) whether the forum selection clause is

22 enforceable.  Because the Court concludes that NYK has not waived its defense and the

23 clause is enforceable, the Court GRANTS the motion to dismiss WITH LEAVE TO

24 AMEND within fourteen days.

25                    **I. BACKGROUND**

26 **A.    Facts Alleged in the Complaint**

27    Great American alleges that NYK contracted to ship 6,000 cartons of grapes from

28 Oakland, California to Manila, Philippines at a temperature of 33.08 degrees Fahrenheit.

Dkt. No. 1 at 6.  But, the temperature allegedly varied widely during shipping, which caused the grapes to arrive at their destination moldy and rotting.  *Id.*  Great American claims the damage to the grapes depreciated their value by $48,840.  *Id.*

Great American, an insurance company, indemnified the owner of the grapes $48,840 in accordance with the terms of its insurance policy.  *Id.*  It now seeks to recover that amount, as well as interest and costs, from NYK.  *Id.* at 7.

**B.  Procedural History**

Great American sued NYK for breach of contract in the Superior Court of California for Alameda County.  *Id.* at 6.  NYK removed the action to this Court on January 3, 2013, asserting federal jurisdiction under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701.  *Id.* at 1-2.  On January 10, 2013, NYK filed its answer to the complaint.  Dkt. No. 4.  The answer asserted seventeen affirmative defenses, including that any claims against NYK must be brought in Japan under the terms of the bill of lading.  *Id.* ¶ 13.

On March 19, 2013, NYK moved to dismiss the action under Rule 12(b)(3) for improper venue due to the forum selection clause contained in the bill of lading.  Dkt. No. 10.  NYK argues that the clause is valid and enforceable, that the Ninth Circuit and courts in this district have enforced similar provisions, and that Great American has failed to show that the clause is unreasonable under the circumstances.  *Id.* at 9-15.

Great American opposes the motion, arguing that the clause at issue contains uncertainty that undermines the purpose of forum selection clauses and renders it unfair and unenforceable.  Dkt. No. 17.  Specifically, Great American takes issue with the fact that the clause is in a contract of adhesion and that it imposes unequal burdens on the parties because it states that claims against NYK must be brought in the Tokyo District Court in Japan, while actions against the merchant can be brought in any other fora, at the carrier's option.  *Id.* at 2.  Great American also argues that NYK has waived its defense of improper venue because it filed an answer before filing a motion under Rule 12(b)(3) and because it removed the action to federal court.  *Id.* at 4-5.

//

Case No. 13-cv-00031 NC
ORDER GRANTING MOTION TO
DISMISS

2

**C.   Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701.  Dkt. No. 1.  All parties have consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c).  Dkt. Nos. 5, 12.

## II. STANDARD OF REVIEW

Forum selection "clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  Unreasonable circumstances that would render a forum selection clause unenforceable include: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Petersen v. Boeing Co.*, No. 11-18075, 2013 WL 1776975, *2 (9th Cir. Apr. 26, 2013) (internal citations and quotation marks omitted).

A motion to dismiss a plaintiff's claim based on a forum selection clause is analyzed under Federal Rule of Civil Procedure 12(b)(3).  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  Under this standard, the pleadings are not accepted as true, and the district court may consider facts outside of the pleadings.  *Id.*  "[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2003).  "Whether to hold a hearing on disputed facts and the scope and method of the hearing is within the sound discretion of the district court." *Id.* at 1139.  In the alternative, the district court may deny a Rule 12(b)(3) motion and grant leave to refile the motion, if further development of the record would eliminate any genuine factual dispute. *Murphy*, 362 F.3d at 1139.

The Ninth Circuit has shown a preference, however, for trial courts to hold an evidentiary hearing to resolve issues of fact relevant to the enforceability of a forum

selection clause. *See, e.g.*, *Petersen*, 2013 WL 1776975 at *4 (holding that "the district court erred by not—at the very least—conducting an evidentiary hearing to determine whether enforcement of the forum selection clause at issue" was warranted and remanding to the district court to find necessary facts); *Murphy*, 362 F.3d at 1143 ("Absent an evidentiary hearing to resolve the factual contest, the Rule 12(b)(3) motion should have been denied."). If the court dismisses a complaint under Rule12(b)(3) due to an enforceable forum selection clause, "leave to amend should be granted with extreme liberality." *Petersen*, 2013 WL 1776975 at *4.

### III. DISCUSSION

**A.    NYK Did Not Waive Its Rule 12(b)(3) Defense.**

**1.    Filing an answer did not waive NYK's improper venue defense.**

NYK properly pleaded its defense of improper venue due to the forum selection clause in its answer. Dkt. No. 4 ¶ 13. Rule 12(h) expressly permits certain Rule 12(b) defenses—improper venue among them—to be included in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B) ("A party waives any defense listed in Rule 12(b)(2)-(5) by failing to either make it by motion under this rule; or include it in a responsive pleading."); *see also* Fed R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").

Where a defendant has properly pleaded and preserved his affirmative defense in his answer under 12(h), he must then "do something to test the defense." *Ear v. Empire Collection Authorities, Inc.*, No. 12-cv-01695 SC, 2012 WL 3249514, *3 (N.D. Cal. Aug. 7, 2012) (ordering defendant to file motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) after raising the defense in its answer). Notably, Rule 12(g)'s prohibition on seriatim motions does not include defenses raised in responsive pleadings. *See* Fed. R. Civ. P. 12(g) ("a party that makes *a motion* under this rule must not *make another motion* under this rule raising a defense or objection that was available to the party but omitted from its earlier motion") (emphasis added). Moreover, Rule 12(i) allows a court to hear and decide

//

before trial any defense brought under Rule 12, whether made in a motion or in a responsive pleading.

At the hearing, plaintiff's counsel cited, for the first time, three cases, *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004), *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988), and *Jensen v. Knowles*, 621 F. Supp. 2d 921, 925 (E.D. Cal. 2008), which he asserted stand for the proposition that NYK may not make a motion to dismiss under Rule 12(b)(3) after filing an answer.  Each of these courts reached their conclusions based on the language of Rule 12(b), which states that "[a] motion asserting any of these defenses must be made before pleading."  In *Aetna Life Insurance*, the Ninth Circuit rejected the district court's conclusion that a Rule 12(b) motion must be filed within twenty-one days of service of the complaint under Rule 12(a), and reversed the district court's finding a Rule 12(b)(6) motion untimely where the parties had stipulated to extend the time in which to file a responsive pleading, and the defendant had filed its motion within that timeframe.  855 F.2d at 1474.  *See also Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1341 (9th Cir. 1976) (holding same for motion brought under Rule 12(b)(3)).  In *Jensen*, the Eastern District Court noted that Rule 12(b) "appears to specify the timing requirement only for the seven enumerated defenses."  621 F. Supp. 2d at 925.  And in *Elvig*, the Ninth Circuit held that the district court should have treated the motion to dismiss under Rule 12(b)(6) as a motion for judgment on the pleadings under Rule 12(c) because it was filed after the answer.  375 F.3d at 954.

At least one court has construed a motion to dismiss for improper venue made after an answer as a motion for judgment on the pleadings under Rule 12(c).  *See Hillis v. Heineman*, No. 09-73 PHX (DGC), 2009 WL 2781971, *1 (D. Ariz. Aug. 31, 2009) (construing the motion as one for judgment on the pleadings under Rule 12(c) where defendants asserted defense of improper venue in answer).  Rule 12(c) requires the court to accept the pleadings as true and not consider other evidence.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011) ("When considering a Rule 12(c) dismissal, we must accept the facts as pled by the nonmovant.").  The court may

convert a Rule 12(c) motion to a motion for summary judgment and consider evidence outside the pleadings. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Under Rule 56(c), the court does not weigh evidence or assess credibility; it only determines whether "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment.").

This standard is fundamentally different than the Rule 12(b)(3) analysis prescribed by the Ninth Circuit. In resolving a motion to dismiss for improper venue under Rule 12(b)(3), the district court must "consider facts outside of the pleadings," *Argueta*, 87 F.3d at 324, "resolve all factual conflicts in favor of the non-moving party," and if necessary, "hold[] an evidentiary hearing on the disputed facts," *Murphy*, 362 F.3d 1138-39. "Upon holding an evidentiary hearing to resolve material disputed facts, the district court may weigh evidence, assess credibility, and make findings of fact that are dispositive on the Rule 12(b)(3) motion." *Murphy*, 362 F.3d at 1140. *Murphy*, in fact, allows a district court to grant a party leave to *refile* a motion to dismiss under Rule 12(b)(3) after further factual development, for example, at the close of pretrial discovery. *Id.* at 1139 (emphasis added). Thus, it seems that even after a responsive pleading has been filed which preserves the defense of improper venue based on a forum selection clause, a motion to dismiss brought on those grounds must be analyzed under Rule 12(b)(3) because of the particular procedures the Ninth Circuit established in *Murphy*.

One thing at least is clear: NYK properly preserved its improper venue defense. It now moves to dismiss Great American's complaint based on its argument that the claims are brought in the improper venue due to an enforceable forum selection clause. Thus, the Court considers NYK's properly preserved defense in accordance with *Murphy*.

//

## 2.     Removing to federal court did not waive NYK's venue defense.

Great American also contends that NYK has waived its defense of improper venue by removing the action to federal court.  In *Polizzi v. Cowles Magazines, Inc.*, the Supreme Court stated that "the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" 345 U.S. 663, 666 (1953) (quoting 28 U.S.C. § 1441(a)).  Although there is some variance among courts as to whether removal to federal court waives a challenge to venue, *see, e.g.*, *Black v. JCPenney Life Ins. Co.*, No. 01-cv-04070 SI, 2002 WL 523568, *2 (N.D. Cal. Apr. 1, 2002) (denying defendant's motion to dismiss under Rule 12(b)(3) and finding that under *Polizzi* venue was proper because the action was removed to the district in which the state action was pending), courts to have considered the issue when a forum selection clause is in play have found that removal does not waive a party's right to enforce the venue selected by the clause.[1]  *See, e.g.*, *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1013 (N.D. Cal. 2000).

The Ninth Circuit has not expressly spoken on this issue but has considered motions to dismiss or transfer based on the provisions of a forum selection clause after a case has been removed to federal court.  *See Spradlin v. Lear Siegler Mgmt. Svcs. Co., Inc.*, 926 F.2d 865, 868-69 (9th Cir.1991) (granting motion to dismiss for improper venue based on forum selection clause after removal); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 496-98 (9th Cir. 2000) (affirming denial of motion to transfer under 28 U.S.C. § 1406 to forum contracted for because it contravened public policy).  The Second Circuit has stated unequivocally that "[w]hen a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'"  *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944).  The First Circuit reached a similar conclusion:

---

[1] Whether a procedural rule should turn on the underlying substantive claim or the existence of a private contract is a question for another day.

"It is well settled that the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue.  In order to obtain the benefits of a federal forum in diversity cases, the removal must be into the district where such suit is pending; no choice is possible and for that reason nothing in respect to venue can be waived."  *Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) (internal citation and quotation marks omitted).

Courts in the Northern District have also enforced forum selection clauses after removal.  In *IBC Aviation*, the court found that "where the underlying contract designates a specific forum," "timely removal to federal court does not waive a defendant's right to raise venue objections."  125 F. Supp. 2d at 1013.  Rather, "federal courts generally uphold the parties' designated forum, rather than merely requiring compliance with § 1441."  *Id. See also Soil Shield Int'l, Inc. v. Lilly Indus., Inc.*, No. 98-cv-01353 SC, 1998 WL 283580, *2 (N.D. Cal. May 29, 1998) (finding that defendant make seek dismissal where a forum selection clause renders venue improper even after removal); *accord Skillnet Solutions, Inc. v. Entm't Publications, LLC*, No. 11-cv-04865 PSG, 2012 WL 692412, *4 (N.D. Cal. Mar. 2, 2012) *reconsideration denied*, No. 11-cv-04865 PSG, 2012 WL 1670182 (N.D. Cal. May 14, 2012) ("A defendant who properly removes to federal court therefore meets the venue requirements of § 1441, in effect canceling any improper venue objection under Fed. R. Civ. P. 12(b)(3).  The existence of a valid forum selection clause, however, may create an exception to this general rule.") (internal citations omitted).

The weight of authority supports NYK's procedure in this case.  The Court finds that NYK has not waived its defense of improper venue by removing the action to federal court.

**B.     The Forum Selection Clause Is Enforceable.**

Great American argues that the forum selection clause is unenforceable because it is one-sided, selecting a certain forum for claims brought against NYK and stating that actions brought against the merchant can be brought in any fora.  The applicable provision states: "Notwithstanding anything else contained in this Bill or in any other contract, any and all actions against the Carrier in respect of the Goods or arising out of the Carriage shall be

Case No. 13-cv-00031 NC
ORDER GRANTING MOTION TO
DISMISS

8

brought before the Tokyo District Court in Japan to the exclusion of the jurisdiction of any other courts whilst any such actions against the Merchant may be brought before the said Court or any other competent court at the Carrier's option." Dkt. No. 10-3 at 4-5.

Great American relies heavily on *LG Electronics Inc. v. Fritz Transp. Int'l*, No. 00-cv-04507 SI, 2001 WL 1843715 (N.D. Cal. Oct. 2, 2001) for its argument that the forum selection clause is unreasonable. In *LG Electronics*, the forum selection clause selected the United States but contained an exception that the carrier could, at its option, choose one of six other fora in which to actually litigate and did not state when such a choice needed to be made. 2001 WL 1843715 at *1. When the carrier moved to exercise its option after ten months of litigation in the United States, the court reasoned that the "carrier's option" in the bill of lading at issue created "the very 'uncertainty and possibly great inconvenience' that valid choice-of-forum agreements avoid" and was thus unreasonable. *Id.* at *3. The court's analysis of the forum selection clause is dicta, however. The court ultimately denied the motion to dismiss as untimely because the carrier had failed to assert its defense based on the carrier's option in either its answer or its motion to dismiss based on forum non conveniens. *Id.* at *2.

The forum selection clause at issue here is different from the one in *LG Electronics*, in that there is no option for the carrier to exercise when it is sued. Although the clause selects only Tokyo District Court for suits brought against NYK, and allows for suit in "any competent court" for suits brought against the merchant, this does not give rise to the same type of uncertainty regarding where suit may be brought or when the option to select a forum may be exercised that the court addressed in *LG Electronics*. Furthermore, "forum selection clauses do not need to provide reciprocal and equal benefits to contracting parties to be enforceable." *Danmar Lines, Ltd. v. CMA CGS S.A.*, No. 09-cv-22857, 2010 WL 5174975, *3 (S.D. Fla. June 16, 2010); *see also Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 760 (N.D. Cal. 2004) (enforcing forum selection clause in bill of lading that gave merchant option of four fora); *Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 682, 687 (D.N.J. 1998) (enforcing forum selection clause that

designated one forum for litigation and allowed the carrier to pursue arbitration at its sole discretion).

Great American's argument that different fora for different parties to a bill of lading renders the bill per se unreasonable misunderstands the role of the court in determining the enforceability of a forum selection clause. Rather, what *Bremen* and its progeny make clear is the "case-by-case nature of the inquiry into the reasonableness of enforcing a forum selection clause against a particular plaintiff." *Am. Home Assurance*, 347 F. Supp. 2d at 760 (declining to find that there was a number of potential fora that would make a selection clause per se unenforceable). Great American does not state any facts that would enable the Court to conclude that the forum selection clause is unreasonable under the circumstances. It does not claim that the inclusion of the clause in the bill of lading was the product of fraud, or that enforcement of the clause will contravene public policy in California or be so inconvenient that it will deprive Great American of its day in court. Great American has failed to meet is burden to show enforcement is unreasonable.

Lastly, the forum selection clause is not unenforceable merely because it is part of a contract of adhesion. The Supreme Court has upheld the enforcement of forum selection clauses contained in nonnegotiated form contracts. *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 530 (1995) (enforcing foreign arbitration clause contained in "a standard form bill of lading"). The Ninth Circuit has also stated that the fact that bills of lading are contracts of adhesion is relevant only where there is ambiguity in the clause, and only insofar as ambiguities will be construed against the drafter. *Fireman's Fund Ins. Co. v. M.V. DSR Atl.*, 131 F.3d 1336, 1339 (9th Cir. 1997) ("As we find no ambiguity in the forum clause, whether or not the bill of lading is a contract of adhesion is of no relevance to the result we reach in this matter."). A contract of adhesion does not, as a matter of law, render the forum selection clause therein unenforceable. *Id.*

That the bill of lading at issue here is a contract of adhesion and selects a different forum for litigation by NYK than for claims brought against NYK does not make the forum selection clause inherently unenforceable. That the forum selected varies according to

whether NYK is the defendant or plaintiff does not create uncertainty that would render enforcing the agreement unreasonable under the circumstances.  In the absence of any other evidence that enforcement of the clause would be unreasonable, the Court GRANTS NYK's motion to dismiss.  Great American has LEAVE TO AMEND its complaint to allege facts sufficient to carry its "heavy burden of proof and . . . clearly show that enforcement would be unreasonable and unjust."  *Murphy*, 362 F.3d at 1140.

### IV. CONCLUSION

NYK has not waived its defense of improper venue, and Great American has not met its burden to show that the forum selection clause is unenforceable.  Accordingly, the Court GRANTS NYK's motion to dismiss under Rule 12(b)(3).  Great American has LEAVE TO AMEND its complaint to plead additional facts that would tend to show the forum selection clause is unenforceable.  Any amendment is due within fourteen days of the date of this order.

IT IS SO ORDERED.

Date: May 10, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-00031 NC
ORDER GRANTING MOTION TO
DISMISS

11